UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOSEPH PATRICK PARLON,**<br><br>Plaintiff,<br><br>v.<br><br>**THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,**<br><br>Defendants. | Civil Action No. 24-10886-BEM |

## MEMORANDUM AND ORDER

**MURPHY, J.**                                                                                February 6, 2025

For the reasons set forth below, the Court DENIES the motion to appeal and oppose the reassignment of Judge Brian E. Murphy replacing Judge Denise J. Casper, ECF No. 13, and DENIES the motion to respond to the judge's conditional order of dismissal, ECF No. 14. Accordingly, the Conditional Order of Dismissal, ECF No. 12, remains in effect.

### I.      RELEVANT BACKGROUND

On April 5, 2024, Plaintiff Joseph Patrick Parlon, an employee of Immigration and Customs Enforcement ("ICE"), initiated this action by filing a *pro se* complaint against the United States Department of Homeland Security ("DHS") and 17 officials, officers, and employees of DHS, ICE, and related agencies. Broadly, Plaintiff's Complaint (and subsequently, his Amended Complaint) alleges that Parlon was subject to various forms of discrimination and retaliation in the course of his employment at ICE. *See generally* ECF Nos. 1, 9. Parlon paid the filing fee; the case was randomly assigned, and summonses were issued to all Defendants. ECF Nos. 2 – 4. Parlon filed proofs of service indicating that he attempted to serve Defendants by certified mail to

their respective places of employment and to the general DHS mailing address in Washington D.C. ECF No. 7. Parlon's motion to amend was allowed, ECF No. 8, as was his motion to submit proof of service with explanation, ECF No. 10. Plaintiff's Amended Complaint was filed on August 13, 2024. ECF No. 9.

On January 22, 2025, this action was reassigned to the undersigned. ECF No. 11. A conditional order of dismissal was entered on January 24, 2025, stating that this case will be dismissed without prejudice in fourteen days unless proof of service is filed and good cause shown why the case should not be dismissed. ECF No. 12. Now before the Court are Parlon's motions to respond to the Conditional Order of Dismissal and to "appeal and oppose" the reassignment of the action. ECF Nos. 13 – 14.

## II.     CASE ASSIGNMENT

The Court understands that Parlon wishes to challenge the case's reassignment and have the case transferred back to the originally assigned judge. Parlon's objection does not reveal any concern with the undersigned and instead states his preference for the "unique[] experience[]" of the originally assigned judge. ECF No. 13, at 3.

As an initial matter, the case's reassignment was proper. This case was reassigned, along with other cases, after the confirmation of the undersigned as a newly appointed judicial officer. "Reassignment of civil and criminal cases within a district court occurs regularly, for numerous reasons related to administrative convenience or necessity, and a litigant has no vested right to a particular judge." *United States v. Colon-Munoz*, 292 F.3d 18, 22 (1st Cir. 2002). In this District, "a district judge . . . may transfer [a] case to another district judge," as here, "to further the efficient performance of the business of the court." Local Rule 40.1(j) (reassignment and transfer of cases).

Local Rule 40.1(j) permits transfer of civil cases between district court judges either in the interest of justice or to promote judicial efficiency.  This case was transferred to the undersigned to promote judicial efficiency; transfer back would undermine that goal.  Likewise, Plaintiff identifies no "extraordinary" or "unique" circumstances implicating the interests of justice as against this Court's duty to preside.  *Cf. United States v. Mavroules*, 798 F. Supp. 61, 62–63 (D. Mass. 1992).  Accordingly, Plaintiff's motion is denied.

### III.     INSUFFICIENT SERVICE

In response to this Court's Conditional Order of Dismissal, Parlon states that he "believes" that he "did properly provide the court with proof of proper service in this matter."  ECF No. 14, at 1.  Parlon then, "again," *id.* at 2, attaches tracking notices and receipts for certified mail, *id.* at 10 – 45, as well as purported proofs of service, *id.* at 46 – 81, as included in his original filing.  *See* ECF No. 7.

However, Parlon's response still fails to establish that his Amended Complaint was timely served under the applicable rules.  Federal Rule of Civil Procedure 4 (as opposed to Rule 5) governs service of the Amended Complaint because the original Complaint was not properly served.  *See Cryer v. UMass Medical Correctional Health*, Civil Acton No. 10–11346, 2011 WL 841248, at *2 (D. Mass. Mar. 7, 2011) ("[Plaintiff] may not use Rule 5 to effect service of process of an amended complaint as a means to circumvent Rule 4's requirements concerning service.").

Parlon is required to satisfy, at least, the requirements of Rule 4(i), which governs service of process on the United States and its agencies, officers, and employees.  Plaintiff is suing a United States agency as well as seventeen U.S. officers and employees, either in their official capacities or "for [] act[s] or omission[s] occurring in connection with duties performed on the

United States' behalf," Fed. R. Civ. P. 4(i)(3).  As such, Plaintiff must satisfy the requirements of Rule 4(i)(1) for service on the United States.  Fed. R. Civ. P. 4(i)(2)-(3).

The rule for service on the United States contains three requirements.  First, under Rule 4(i)(1)(A), a plaintiff must either: (i) hand-deliver a copy of the summons and complaint to the United States Attorney for the district wherein the action is brought; or (ii) send a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the United States Attorney's Office.  *See Fishman v. Trump*, No. 19-11734, 2020 WL 4431769, at *2 (D. Mass. Jul. 31, 2019).  Second, the plaintiff must send the summons and complaint by registered or certified mail to the Attorney General of the United States.  *See* Fed. R. Civ. P. 4(i)(1)(B).  Third, "if the action challenges an order of a nonparty agency or officer of the United States," the party must send a copy of the summons and complaint "by registered or certified mail to the agency or officer."  Fed. R. Civ. P. 4(i)(1)(C).

Here, Parlon has served neither the U.S. Attorney General nor the U.S. Attorney's Office for the District of Massachusetts.  Thus, he has not properly served any Defendants captured under Rule 4(i), which appears to be all of them.

Further, to the extent Parlon intended to bring suit against any of the employee or officer Defendants in their individual capacities (or to the extent any Defendant is not captured under Rule 4(i), for whatever reason), he must serve those Defendants under either Rule 4(e), (f), or (g), as additionally required by Rule 4(i)(3).  As relevant here, Rule 4(e) provides that a plaintiff can properly serve an individual by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Alternatively, Rule 4(e)(1) provides that a plaintiff may serve a defendant by following the state rules of civil procedure in the state where the district court is located or in the state where the summons and complaint are to be delivered. As such, a plaintiff who brings an action in this District may satisfy Rule 4(e) by effectuating service in accordance with the Massachusetts state rules regarding service on an individual defendant. Massachusetts rules do permit service by certified mail but only for service of process outside the Commonwealth. *See* Mass. R. Civ. P. 4(e). "Notably, neither the federal rules nor the Massachusetts rules permit service upon an individual by *certified mail* at [their] *place of employment*." *Mukherjee v. Blake*, No. 12-11381, 2013 WL 2299521, at *2 (D. Mass. May 24, 2013) (emphases in original).

Parlon has not demonstrated that he served any of the Defendants either in person, at their abode, or through an authorized agent. Rather, Plaintiff shows that he has attempted service by mailing a copy of the summons and complaint to each individual Defendant at their place of employment, including those located in Massachusetts. For the reasons outlined above, this is not in compliance with Federal Rule 4(e). *See Mukherjee*, 2013 WL 2299521, at *2.

Parlon has not shown good cause for his failure to effect service. The "erroneous belief that service of process was sufficient does not establish good cause for failing to comply with Rule 4." *Fishman*, 2020 WL 4431769, at *4 (citing *Leung v. Citizens Bank*, No. 12-11060, 2013 WL 1992453, at *3 (D. Mass. May 10, 2013)). Likewise, Parlon's "self-represented status does not, on its own, constitute good cause." *Id.* (citing *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002)). Thus, Parlon has not established good cause for his failure to serve the Defendants in accordance with Rule 4. Accordingly, Plaintiff's motion is denied.

5

## IV.     CONCLUSION

The Conditional Order of Dismissal, filed by the Clerk in accordance with Federal Rule 4(m) and Local Rule 4.1(b), states that Plaintiff's case will be dismissed absent proof of service and a showing of good cause.  For the reasons stated above, Plaintiff has shown neither, and the conditional order remains in effect.  Plaintiff's motions, ECF No. 13 – 14, are DENIED.

IT IS SO ORDERED.

                                              /s/ Brian E. Murphy
                                              United States District Judge